United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SUSAN MAE POLK,

    Plaintiff,

vs.

LINDA DALY, Fiscal Officer, Contra Costa County; SILVANO MARCHESI, Counsel, Contra Costa County; SHARON ANDERSON, Counsel, Contra Costa County; WARREN RUPF, Sheriff, Contra Costa County; ROBERT CAMPBELL, Auditor Controller, Contra Costa County; JOHN POLK, Personal Representative, Estate of Frank Polk; BUDD MACKENZIE, Attorney for John Polk and Estate of Frank Polk; BRUCE REEVES, Referee, Contra Costa Superior Court; STEVEN ANDERSON, Referee, Contra Costa Superior Court; DAN HOROWITZ, Defense Counsel; IVAN GOLDE, Lien Holder; GAYLE LANGSTON, Real Estate Agent; DYLAN and ERIKA HUGHES, buyers; LAND AMERICA TITLE CO.; DEBORAH PATRICK, Warden, Central California Women's Facility; Lieutenant CAMBRIDGE, CCWF; CCWF; Sergeant ROBERTS, CCWF; Sergeant GIBSON, CCWF; MATTHEW CATE, Director, California Department of Corrections and Rehabilitation; and JOHN AND JANE DOES 1-20,

    Defendants.
_____/

No. C 12-0193 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff, a prisoner at Valley State Prison for Women, has filed a pro se civil complaint. She has been granted leave to proceed in forma pauperis.

///

///

**BACKGROUND**

Plaintiff was convicted of second degree murder of her husband in a well-publicized trial. *See People v. Polk*, 190 Cal. App. 4th 1183 (2010). Plaintiff's claims here involve the sale of her interest in the family home to satisfy Contra Costa's lien for what it claimed were the costs of her defense. Plaintiff contended in her appeal of the criminal conviction that the trial court had not held a hearing to determine if she could afford to pay the lien before approving its payment. The court of appeal held that such a hearing was necessary and remanded with instructions to hold one. *Id.* at 1208-11. The hearing was held after remand and her obligation and ability to pay the lien upheld. Am. Compl. at 22.

Plaintiff also filed four appeals from orders in an action brought by the executor of her husband's estate to partition real property. *See Polk v. Polk*, 2009 WL 2613930 (2009). She was entirely unsuccessful. *Id.* at *1, *8. Many of the issues in those appeals appear to be similar to the claims she raises here.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   Complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

   **1.     RICO**

The statute of limitations for civil RICO actions is four years.  *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).  The Ninth Circuit follows the "injury discovery" statute of limitations rule for civil RICO claims.  *Pincay v. Andrews*, 238 F.3d 1106, 1109 (2001).  "Under this rule, 'the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action.'" *Id.* at 1109 (quoting *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996) (internal quotation marks omitted)).  The "injury discovery" rule creates a disjunctive two-prong test of actual or constructive notice, under which the statute begins running under either prong.  *Id.*

Plaintiff contends that defendants Horowitz, Polk, Mackenzie, Golde, Daly, Langston, Anderson, Marchesi, Reeves, the Hughes, and Land America violated RICO by

3

forcing the sale of her house to satisfy the county's lien. She alleges in the complaint that in 2003 defendant Horowitz, who then was her defense attorney, forced her to sign an agreement for a lien on her house in favor of the county for the costs of defense, and that the county's judgment for the costs of defense was obtained in 2007. It thus appears that she knew as of 2007 that the county intended to collect from her the costs of defense, and that it intended to try to collect from her equity in the house. Thus it may be that she knew of or should have known of the injury arising from defendants' purported RICO violations more than four years before she commenced this suit. She will be ordered to show cause why the RICO claims should not be dismissed as barred by the statute of limitations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (dismissal under 28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the court's own records).

### 2. Sixth Amendment Claims

Plaintiff contends that defendants Polk, Mackenzie, Horowitz and Golde violated her right to counsel by interfering with her attempts to obtain other counsel (perhaps by preventing her from using her assets to retain counsel) and violated her right to present a defense by threatening a key witness. Plaintiff has not pleaded facts that would make it plausible that any of those named as defendants were acting under color of state law or were state actors when they performed the acts allegedly resulting in violation of plaintiff's Sixth Amendment rights.

Furthermore, this claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages arising from a conviction or sentence that has not been so

invalidated is not cognizable under section 1983. *Id.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487.

The conviction has not been invalidated, so this claim must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

### 3. Section 1985(3).

Plaintiff contends that defendants Horowitz, Golde, Daly, Campbell, Anderson, Reeves, Marchesi, Anderson, Polk, Mackenzie, the Hughes, and Land America were involved in a conspiracy against her that violated 42 U.S.C. §1985(3).

Section 1985(3) of title 42 of the United States Code provides a cause of action against state or private conspiracies. *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). A cause of action under section 1985(3) requires a showing of some racial or class-based discrimination. *Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983). Other than race-based classes, it is unclear what classes may be protected; the class must be something more than a group of individuals who all want to engage in conduct that the defendant disfavors, and federal courts should exercise restraint in extending § 1985(3) beyond racial prejudice. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002).

Plaintiff has failed to allege a class basis for the purported conspiracy. This claim will be dismissed with leave to amend.

### 4. 18 U.S.C. §1956

Plaintiff contends that defendants Horowitz, Polk, Mackenzie, Golde, Daly, Langston, Anderson, Marchesi, Reeves, the Hughes, and Land America violated 18 U.S.C. §1956, a money laundering statute. Section 1956 is a criminal statute. It thus cannot be enforced by way of a private civil suit. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). This claim will be dismissed with prejudice.

### 5. Equal Protection Claims

Plaintiff contends that defendants Golde, Daly, Anderson and Marchesi violated her equal protection rights "when they invaded my homestead for payment of fraudulent claims . . . ." Pet. at 23. Plaintiff has not alleged any formal distinction in California law between indigent litigants and nonindigents as to assertion of homestead rights, which is necessary to a claim that a statute is unconstitutional on its face, or facts identifying nonindigents whose homesteads were not "invaded" under similar circumstances, which would be necessary to make plausible an "as applied" claim. This claim will be dismissed with leave to amend.

### 6. Access to Courts

Plaintiff contends that because she was in protective or administrative segregation at the Central California Women's Facility, she was not allowed access to a law library or "supplies," causing her to miss filing deadlines to protect her "property interests." The defendants on this claim are Roberts, Gibson, Lieutenant Cambridge, and CDC Director Cate. Amen. Pet. at 24. A prisoner's constitutional right to litigation assistance is limited to the tools prisoners need in order to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The right to such assistance is limited to the pleading stage. *Id.* The state is not required to enable the prisoner to discover grievances or to litigate effectively once in court. *Id.* at 354. This claim will be dismissed without leave to amend.

### 7. Other Defendants

In her statement of her "Legal Claims" on pages twenty-two through twenty-five of the amended petition plaintiff does not mention defendants Rupf, the Sheriff of Contra Costa County, or Patrick, Warden of the Central California Women's Facility. The claims against them will be dismissed with leave to amend.

## CONCLUSION

1. Plaintiff's RICO claims are **DISMISSED** with leave to amend to allege facts that would show that they are not barred by the statute of limitations.

2. Plaintiff's Sixth Amendment claims are **DISMISSED** without prejudice to bringing them if her conviction is overturned in another forum. Unless that has now occurred, this claim should not be included in the second amended petition.

3. Plaintiff's money laundering claims are **DISMISSED** with prejudice. They should not be included in the second amended petition.

4. Plaintiff's claims pursuant to 42 U.S.C. § 1985(3), her equal protection claims, her access to courts claims, and her claims against defendants Rupf and Patrick are **DISMISSED** with leave to amend.

5. If plaintiff chooses to amend, she shall do so within twenty-eight days of the date this order is entered. The amended complaint must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of the case.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 24, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Polk0193.dwlta.wpd